# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| METLIFE BANK, N.A. | Case No.: 2:10-cv-00288-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#24; Motion to Strike–#26) |
| EVERGREEN MONEYSOURCE MORTGAGE COMPANY; PATRICK G. RILEY; SCOTT L. REYNOLDS; MELISSA DAY FOSTER; NANCY J. SCHNEIDER; SCOTT C. GILLESPIE; GREGORY L. COOPER; LISA M. CZAJKA; DAVID J. DZIADON; GRISELDA MORGA; AND KEVIN SAVAGE, | |
| Defendants. | |

Before the Court is Defendants' **Motion to Dismiss** (#24) and **Motion to Strike** (#26), both of which were filed April 1, 2010. The Court has also considered Plaintiff MetLife Bank's Opposition (#28), filed April 8, 2010, and Defendants' Reply (#32), filed April 19, 2010.

## BACKGROUND

Prior to January 2010, all of the individual Defendants in this case were employed as mortgage loan officers in two of MetLife's Las Vegas branches. On January 29, 2010, the individual Defendants all quit their jobs at MetLife and joined Defendant Evergreen Moneysource

1

1   Mortgage Company in their same capacities.  Metlife alleges Defendants committed numerous
2   torts by engaging in this "*en masse* exodus." (Dkt. #1, Compl. ¶ 3.)  On March 2, MetLife filed
3   suit in this Court alleging claims for: (1) breach of contract; (2) breach of fiduciary duty; (3)
4   conversion; (4) business disparagement; (5) breach of the implied covenant of good faith and fair
5   dealing; and (6) tortious interference.
6         Defendants now move for summary judgment on MetLife's claim for breach of
7   fiduciary duty, which it brings against the individual Defendants.  Defendants also move to strike
8   all references in the complaint to the individual Defendants' alleged fiduciary duties.  For the
9   reasons discussed below, the Court denies both motions.

**DISCUSSION**

**I.   Legal Standard**

12         A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
13   relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short
14   and plain statement of the claim showing that the pleader is entitled to relief."  While a pleading
15   generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to
16   relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A
17   complaint does not allege sufficient facts to raise a right to relief above the speculative level if it
18   contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a
19   cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478
20   U.S. 265, 286 (1986)).  Instead, in order to survive a motion to dismiss, a complaint must contain
21   sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at
22   1949 (internal citation omitted).
23         In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district
24   courts to apply when considering motions to dismiss.  First, the court must accept as true all
25   factual allegations in the complaint. *Id.* at 1950.  A court does not, however, assume the truth of
26   legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at

1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements, also do not suffice. *Iqbal*, 129 S. Ct. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**II.     Motion to Dismiss**

Defendants argue that the Court should dismiss MetLife's claim for breach of fiduciary duty because an employee does not owe his or her employer a fiduciary duty under Nevada law. MetLife argues in response that Nevada does impose such a duty and that its claim for breach of fiduciary duty has merit.

The Court denies Defendants' motion because the Nevada Supreme Court has held that employees owe their employers a duty of loyalty and because it has permitted employers to sue former employees for breach of fiduciary duty. *See Tousa Homes, Inc. v. Phillips*, 363 F. Supp. 2d 1274, 1280 (D. Nev. 2005). In *White Cap Industries v. Ruppert*, a construction company brought a claim for breach of fiduciary duty against its former sales manager for not reporting that a fellow employee was about to start a competing company. 67 P.3d 318, 319–20 (Nev. 2003). The Supreme Court upheld the district court's dismissal of the case, holding that employees have no duty to report other employees' plans to start competing enterprises. The Court stated: "since an employee does not breach his duty of loyalty by making preparations to compete, a fellow employee does not breach his duty of loyalty by failing to disclose his knowledge of this fact." *Id.* at 319–20.

1   But while the Nevada Supreme Court dismissed the case, it did so because the store manager did not breach his duty of loyalty to his employer, not because he did not owe such a duty. *Id.* Thus, *White Cap Industries* stands for the proposition that not only do employees in Nevada owe a duty of loyalty to their employers, but also that they can be sued in certain circumstances for breach of fiduciary duty when they violate this duty. *Id.* For this reason, the Court concludes that the individual Defendants in this case can be liable for breach of fiduciary duty if MetLife proves that they breached their duty of loyalty to the company. Accordingly, the Court denies Defendants' motion to dismiss.

**III.    Motion to Strike**

Because the Court denies Defendants' motion to dismiss, it also denies their motion to strike any reference in the complaint to fiduciary duties.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#24) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (#26) is DENIED.

Dated: June 17, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

4